JUDGE RAKOFF

Lisa M. Lewis (LL 6695)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 7695**

FLORENS CONTAINER INC.,

    Plaintiff,

v.

IMS SHIP MANAGEMENT PVT. LTD.,

    Defendant.

Civil Action No.

**VERIFIED COMPLAINT IN ADMIRALTY**

Plaintiff alleges:

## JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction under 28 U.S.C. § 1333.

## PARTIES

2.    Florens is a Delaware corporation with its principal place of business in San Francisco, California.

3.    Upon information and belief, defendant IMS Ship Management Pvt. Ltd. ("IMS") is a business entity organized under the laws of a jurisdiction or jurisdictions outside the United States and having its principal place of business outside the United States.

## CLAIM IN ADMIRALTY

4. Florens entered into an ocean cargo container lease agreement (the "Agreement") with IMS that is comprised of two parts: 1) Equipment Agreement No. ML-IMSSHIP-01, effective date April 15, 2005 and 2) Business Terms and Conditions, effective date April 15, 2005.

5. Subsequently, Florens and IMS entered into an amendment of Equipment Agreement NO. ML-IMSSHIP-01 dated September 28, 2005 ("Amendment") which increased the replacement value for certain containers leased by Florens to IMS under the Agreement.

6. Under the terms of the Agreement, Florens leased ocean cargo containers to IMS for use in maritime transport.

7. IMS has failed to pay rental and lease related charges as required under the terms of the Agreement.

8. As a result, IMS has failed to perform, is in material breach of its obligations under the Agreement, and is liable to Florens for its breach of the Agreement.

9. On August 27, 2007, Florens provided written notice to IMS of cancellation of the Agreement due to IMS's default on rental payments pursuant to Paragraph 4 of the Business Terms and Conditions.

10. Upon cancellation of the Agreement, IMS must pay a fee for use and enjoyment of all leased containers held by IMS at a daily rate equal to 150% of the per diem rate applicable in the Agreement and must immediately return all leased containers to Florens.

11. As of August 27, 2007, IMS was indebted to Florens in the principal amount of $178,055.29 for rental and lease related charges. Additional rental will continue to accrue on leased containers as of that date at the rate of $109.80 per day.

12. As of August 27, 2007, IMS was in possession of seventy-one (71) of Florens' ocean cargo containers covered by the Agreement.

13. As of August 27, 2007, the contractual replacement value of the seventy-one (71) ocean cargo containers was $150,353, for which IMS is liable under the terms of the Agreement.

14. IMS is obliged to pay Florens' attorneys' fees incurred as a result of its breach of the Agreement pursuant to Paragraph 13 of the Business Terms and Conditions.

15. On amounts not paid when due, IMS is obliged to pay a service charge of 2% per moth pursuant to paragraph 3(b) of the Business Terms and Conditions.

16. Florens has performed all obligations required of it under the Agreement. The conditions, if any, of IMS's obligations have occurred.

17. IMS cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Upon information and belief, IMS has, or will during the pendency of process in this action, have assets within this District and subject to this Court's jurisdiction in the hands of certain garnishees, including without limitation: ABN Amro Bank; American Express Bank; Bankers Trust; Bank of America, N.A.; Bank of China; The Bank of New York; Barclays Bank; BNP Paribas; Calyon; Citibank, N.A.; Credit Suisse First Boston; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JP Morgan Chase Bank, N.A.; LaSalle Bank, N.A.; Standard Chartered Bank; UBS AG; U.S. Bank, N.A.; Wachovia Bank, N.A.; and Wells Fargo Bank, N.A.

18. Florens seeks an order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching IMS's property for the purpose of obtaining jurisdiction over IMS and to secure Florens' claim against IMS. As nearly as Florens can presently ascertain, the amount it seeks to attach is:

| | |
|---|---|
| $178,055.29 | Rental and related charges through August 16, 2007 |
| $80,154.00 | Rental estimated to accrue during pendency of action - two years at $109.80 per day |
| $150,353.00 | Replacement value of leased containers |
| $85,466.54 | Service charge on these amounts at 2% per month for two years |
| $50,000.00 | Estimated attorneys fees and costs |
| $544,028.83 | TOTAL |

## RELIEF REQUESTED

FLORENS prays that:

1. The Court enter judgment in Florens' favor;

2. The Court issue process of attachment and garnishment against IMS pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims;

3. The Court grant such other and further relief in Florens' favor as seems just and proper.

Dated: August 29, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _/s/ Lisa Lewis_____
Lisa M. Lewis (LL 6695)
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800 (Tel.)
(212) 332-3888 (Fax)

Attorneys for Plaintiff Florens Container Inc.

## VERIFICATION

I, Diane Pyke state that I am Director – Risk Management of Florens Container Inc.

I have read the allegations of the Verified Complaint in Admiralty. The information in that Complaint is true and correct to my own knowledge except as to those matters stated on information and belief. I believe those matters to be true. The basis of my knowledge is my own personal knowledge and the business records of Florens Container Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 28, 2007 at San Francisco, California.

*Diane Pyke*

Diane Pyke